The Honorable Cliff Franklin State Representative, 23rd District 10215 W. 51st Street Merriam, Kansas 66203
Dear Representative Franklin:
You request our opinion concerning the redevelopment of central business districts pursuant to K.S.A. 12-1770 et seq. Specifically, you are concerned about the responsibilities of a city and/or the developer in relocating individuals who are displaced as a result of the redevelopment.
In 1975, a legislative interim special committee on local government concluded that a problem existed in downtown business and industrial areas of cities due to blighted social and economic conditions and that it was necessary to attract business and industrial development by providing financial incentives. Reporton Kansas Legislative Interim Studies to the 1976 Legislature, Proposal No. 40. The committee recommended legislation which resulted in the enactment of K.S.A. 12-1770 et seq., authorizing cities to undertake redevelopment projects in certain designated areas and to finance such projects through the issuance of special obligation bonds. State ex rel. Schneider v. City of Topeka,227 Kan. 115, 116 (1980).
Under K.S.A. 12-1772, once a redevelopment district is established, the city is required to prepare a redevelopment plan which includes a variety of factors, one of which is a relocation assistance plan mandated by K.S.A. 12-1777. This statute provides, in relevant part, as follows:
 "Before any redevelopment project shall be initiated
under this act a relocation assistance plan shall be approved by the governing body proposing to undertake the project. Such relocation assistance plan shall:
 "(a) Provide for relocation payments to be made to persons, families and businesses who move from real property or who move personal property from real property as a result of the acquisition of the real property by the city in carrying out the provisions of this act;
 "(b) Provide that no persons or families residing in the redevelopment district shall be displaced unless and until there is a suitable housing unit available and ready for occupancy by such displaced person or family at rents within their ability to pay. Such housing units shall be suitable to the needs of such displaced persons or families and must be a decent, safe, sanitary and otherwise standard dwelling. . . ." (Emphasis added.)
The redevelopment plan is to be considered at a public meeting where all interested persons are given an opportunity to be heard. K.S.A. 12-1772(d). Following the hearing, the governing body may adopt the redevelopment plan by an ordinance passed upon a two-thirds vote. K.S.A. 12-1772(e). Once the city has adopted a redevelopment plan it may begin purchasing real property or acquiring it by condemnation. K.S.A. 12-1773 provides that in addition to any compensation or damages allowed under the eminent domain procedure act, a city "shall also provide for the payment of relocation assistance as provided in K.S.A. 12-1777." The proceeds of the special obligation bonds, tax increment bonds or any uncommitted funds may be used by the city for the payment of relocation assistance. K.S.A. 12-1773(b)(2).
It is our opinion that a city may not initiate a redevelopment project until a relocation assistance plan is approved by the governing body. Such approval is accomplished when the governing body adopts the redevelopment plan (which includes a relocation assistance plan) by ordinance passed upon a two-thirds vote. K.S.A. 12-1772(d). Issues concerning the sufficiency of the relocation assistance plan itself — the availability of suitable housing at a cost within the financial resources of the displaced person — are not addressed in the statutes. Those issues may be the subject of litigation if a displaced person is not satisfied with the relocation assistance plan but this dissatisfaction will not automatically prevent the city from proceeding with the redevelopment plan unless a court enjoins the project.
Finally, the statutes place the onus of relocation assistance on the city, not the developer. While K.S.A. 12-1773(b) provides that any property acquired by a city may be sold or leased to a developer, there is no statutory requirement that the developer undertake relocation assistance.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney Generall
CJS:JLM:MF:jm